UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THORNTON TOMASETTI, INC.,                    Civil Action No. 14 CV 7040 (JPO)

                Plaintiff,

     -against-

ANGUILLAN DEVELOPMENT CORP.,
AND CUISINARTS CORPORATION

                Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, STAY**

**ZETLIN & DE CHIARA LLP**
**Bill P. Chimos, Esq.**
*Attorneys for Plaintiff*
*Thornton Tomasetti, Inc.*
**801 Second Avenue**
**New York, New York 10017**
**(212) 682-6800**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

    A. The Owner's Representative Agreement .................................................................. 3

    B. The Professional Services Agreement ...................................................................... 3

ARGUMENT ............................................................................................................................. 4

**POINT I – STANDARD FOR MOTION TO DISMISS** ......................................................... 4

**POINT II – VENUE IS PROPER IN NEW YORK** ................................................................ 5

**POINT III – DEFENDANTS' REQUEST FOR DISMISSAL OF THIS ACTION SHOULD BE DENIED AS THE PARTIES' CONTRACTS WERE EXECUTED IN NEW YORK** ....... 6

    A. The Similarity of the Parties and Issues .................................................................... 7

    B. The Adequacy of Alternate Forum, Potential Prejudice to Either Party and Convenience of the Parties ........................................................................................ 8

    C. The Connection between the Litigation and the United States and The Connection between the Litigation and the Foreign Jurisdiction ................................................. 8

**POINT IV – THORNTON TOMASETTI REQUESTS LEAVE TO AMEND ITS COMPLAINT** ............................................................................................................................ 9

CONCLUSION ......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544, 572 (2007).  9) ..................................................................................... 4

*Colorado River Water Conservation District v. United States*, et al.,
　424 U.S. 800 (2010) ................................................................................................ 1, 6

*Hilton v. Guyot*,
　159 U.S. 113 (1895) .................................................................................................... 6

*Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*,
　466 F.3d 88 (2d Cir. 2006) ....................................................................................... 6, 7

*Schormann Intern. Corp. v. Northern Wireless, Ltd.*,
　35 F. Supp.2d 205, 208 (2nd Cir. 1999) ....................................................................... 5

*Thomas v. Roach*,
　165 F.3d 137, 146 (2nd Cir. 1999) ............................................................................... 5

**Rules**

Fed. R. Civ. P. 8 (1) ......................................................................................................... 5

Fed. R. Civ. P. 15 (d) ....................................................................................................... 9

NYCPLR § 302(a)(1) ........................................................................................................ 5

**PRELIMINARY STATEMENT**

Thornton Tomasetti ("TT") respectfully submits this Memorandum of Law in opposition to defendants, Anguillan Development Corp. ("ADC") and Cuisinarts Corporation's (collectively referred to as the "Defendants") motion to dismiss, or, in the alternative, stay, TT's complaint as the Defendants have availed themselves to the jurisdiction of New York. By failing to compensate TT for outstanding professional services that were performed in New York and arose from agreements that were entered into in New York, TT was left with no option but to file this complaint against the Defendants in the United States District Court for the Southern District of New York on the basis of diversity jurisdiction. TT's complaint sets forth, at the minimum, sufficient factual matter to state a claim for relief that allows this Court to draw an inference that the Defendants are liable for TT's damages – unpaid professional service fees.

Defendants' motion attempts to divert the court's attention to an wholly unrelated action pending within the jurisdiction of Anguilla so that Defendants can avoid compensating TT for its services it were already performed for the Defendants. This Court must not overlook its heavy obligation that was to exercise the jurisdiction that was conferred by Congress and deny Defendants' motion in its entirety. *See Colorado River Water Conservation District v. United States*, et al., 424 U.S. 800, 820 (2010).

TT has learned that Cuisinart was merged with the Conair Corporation on or about December 21, 1993. As a result, TT requests that this Honorable Court grant TT with leave pursuant to Fed. R. Civ. P. 15 (d) to amend its complaint whereby TT can withdraw its claims against Cuisinarts Corp. and assert claims against the Conair Corporation.

1

**STATEMENT OF FACTS**

In or around 2012, TT entered into two contracts (the "Agreements") with the ADC whereby TT would provide certain services related to the Cuisinart Boutique Hotel, Anguilla, British West Indies located on the Cuisinart golf course property (the "Project"). TT is a domestic business corporation with its principal place of business at 51 Madison Avenue, New York, New York. (TT Compl. ¶ 2). Upon information and belief, ADC is an Anguillan company that conducted business within the United States, including Connecticut and New York, and thereby subjecting it to this Court's jurisdiction. (TT Compl. ¶ 3). Upon information and belief, Cuisinarts Corporation and/or Conair Corporation is a Delaware corporation that was conducting business that was conducting business in New Jersey, Connecticut and New York. (TT Compl. ¶ 4).

The first agreement was entered into on or about January 24, 2012, whereby the ADC and TT agreed that TT would perform owners representative and project management services for the Project (the "Owner's Rep. Agreement") in exchange for monthly payments from ADC. (A copy of the Owner's Rep. Agreement is annexed to the Declaration of Gregory A. Clarick ("Clarick Decl."); Clarick Aff. Ex. A). The second agreement was entered into on or about May 18, 2012, whereby the ADC and TT agreed that TT would render professional engineering services for the Project in exchange for a fee (the "Professional Service Agreement"). (A copy of the Professional Service Agreement is annexed to the Clarick Aff. Ex. B). Neither agreement provided ADC with any right to to set off amounts owed to TT by alleged damages (which TT strenuously contends is none) resulting from TT's services. (See generally Clarick Decl. Ex. A, Ex. B.) However, this is exactly what ADC and/or its parent corporation have done.

TT communicated and negotiated the Agreements with Mr. Leandro P. Rizutto, an agent of ADC, by mail at 1 Cumming Point Road, Stamford, Connecticut 06924 and his corporate Conair email address at l.p.rizzuto@conair.com.  (See generally Clarick Decl. Ex. A, Ex. B.)  Due to Mr. Rizutto's contact information, TT had reason to believe that the ADC and Project were, in some way, related to the Conair Corporation and/or the Cuisinart Corp, i.e. ADC was a subsidiary company.  Accordingly, TT filed the Complaint against ADC and Cuisinart Corp.

A.      *The Owner's Representative Agreement.*

Pursuant to the Owner's Rep. Agreement, ADC agreed to compensate TT $5,000.00 per month for services rendered between January 1, 2012 and December 31, 2012 and $1,667.00 per month for services rendered between January 1, 2013[1] and December 31, 2013. (Clarick Aff. Ex. A, p. 2).  TT billed $140,175.60; however, as of August 15, 2014, ADC has only paid TT $126,841.60.  (TT Compl. ¶¶ 18, 19).  Accordingly, ADC still owes TT an outstanding balance of $13,334.00 on the Owner's Rep. Agreement. (TT Compl. ¶ 20).

B.      *The Professional Services Agreement.*

Additionally, ADC agreed to compensate TT $385,000.00 for services arising from the Professional Services Agreement.  (TT Compl. ¶ 10).  All additional services and expenses would be paid in addition to the base compensation.  (TT Compl. ¶¶ 12, 13).  As of August 15, 2014, TT had performed the majority of the obligations in the Professional Service Agreement and billed ADC a sum of $327,250.50.  (TT Compl. ¶ 15).  However, ADC has only remitted a sum of $197,312.50 in compensation.  (TT Compl. ¶ 16).  As such, ADC stil owes TT a balance of $127,937.00.  (TT Compl. ¶ 17).

---

[1] Note that the Owner's Rep. Agreement mistakenly repeats January 1, 2012 for both periods.

ADC also owes TT an additional $25,000.00 for additional services, $7,000.00 on the additional services related to the Project's Garden Villa and $5,436.00 for reimbursable expenses.  (TT Compl. ¶¶ 21, 22, 23).  Accordingly, TT is seeking a total of $178,707.00 from the Defendants in connection with the services that it performed pursuant to the Agreements. (TT Compl. ¶ 24).

## ARGUMENT

This Court should deny Defendants' motion in its entirety since (1) TT's complaint meets the basic pleading requirements, (2) TT and the Defendants have availed themselves to this Court's jurisdiction, and (3) this is a breach of contract action and there is no clear justification for the application of the prior pending action doctrine.  Additionally, this Court should grant TT with leave to withdraw its claims against Cuisinarts Corp. and assert claims against the Conair Corporation.

## POINT I

## STANDARD FOR MOTION TO DISMISS

Under rules of procedure that have been well settled by the U.S. Supreme Court, "a judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  TT's complaint meets the pleading requirements set forth by the U.S. Supreme Court, since it contains "sufficient factual matter … to state a claim to relief that is plausible on its face" and "allows the court to draw the reasonable inference that the defendant, [by more than a sheer possibility has acted unlawfully] and is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009)

There should be no question as to whether or not TT's complaint meets the *Ashcroft v. Iqbal* standard or the requirements set forth in Fed. R. Civ. P. 8 (1), since it provides the grounds for the court's jurisdiction, i.e. diversity jurisdiction; it establishes its claim that the Defendants have failed to compensate TT for professional services it has already rendered; and demands compensation for outstanding professional service fees.  Additionally, Defendants' motion is void of any argument alleging that TT failed to meet these standards, and as such Defendants have waived any and all right to allege facts that refute this standard in their reply to this opposition.[2]  *See Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (holding that arguments raised for the first time in a reply brief need not be considered by the District Court).

## POINT II

## VENUE IS PROPER IN NEW YORK

ADC purposely availed itself to New York jurisdiction by entering into the Agreements to transact business with TT in New York, making payments to TT and communicating with TT in New York.  These facts are suffient to trigger New York's long-arm statute, NYCPLR § 302(a)(1), and meet the Second Circuit requirements[3] for transacting business in New York.  As such, ADC should have reasonably anticipated that its actions would purposely avail itself to this Court's jurisdiction.

---

[2] Note that Defendants have noted deficiencies with TT's claims against Cuisinart Corporation.  As such, TT responds to those arguments within Point III.

[3] The Second Circuit factors include: (1) whether the defendant has an on-going contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (3) what the choice-of-law clause is in any such contract; and (4) whether the contract requires notices and payments to be sent into the forum state or requires supervision by the corporation in the forum state.  *Schormann Intern. Corp. v. Northern Wireless, Ltd.*, 35 F. Supp.2d 205, 208 (2nd Cir. 1999).

## **POINT III**

## **DEFENDANTS' REQUEST FOR DISMISSAL OF THIS ACTION SHOULD BE DENIED AS THE PARTIES' CONTRACTS WERE EXECUTED IN NEW YORK**

This Court must not overlook its heavy obligation to exercise jurisdiction in this matter as the parties have purposely availed themselves to its jurisdiction. *See Colorado River Water Conservation District v. United States*, et al., 424 U.S. 800, 820 (2010). The Second Circuit Court of Appeals has established no all encompassing list of factors to determine abstension in deference to a pending litigation in a foreign court. *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 93 (2d Cir. 2006). "However, whatever factors weigh in favor of abstention, '[o]**nly the clearest of justifications will warrant dismissal**." *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 93 (2d Cir. 2006) (citing *Colorado River Water Conservation District v. United States*, et al., 424 U.S. 800 (2010) (emphasis added).

In *Royal*, the defendants sought the application of the international comity abstention,[4] whereby the district court would abstain from the domestic action and recognize a foreign proceeding that had yet to reach final judgment. *Royal & Sun Alliance Ins. Co. of Canada*, 466 F.3d at 93. The defendants' application was granted; however, on appeal, the Second Circuit overruled the decision and allowed the matter to continue by holding that "the mere existence of parallel foreign proceedings does not negate the district courts' virtually unflagging obligation to exercise the jurisdiction given to them." *Id.* Notably, "parallel

---

[4] International comity is the "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 163-164 (1895).

6

proceedings in the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other." *Id.*

Defendants in the instant matter have similarly moved this Court for the dismissal of this action. However, a district court's task in "evaluating the request for dismissal based on a parallel foreign proceeding is not to articulate a justification for the exercise of jurisdiction, but rather to determine whether exceptional circumstances exist to justify the surrender of that jurisdiction." *Id.* at 93. Defendants' moving papers fail to justify such exceptional circumstances.

Moreover, Defendants rely on a non-exclusive list of factors provided in the Second Circuit's *Royal* opinion which include (a) the similarity of the parties and issues, (c) the order in which the actions were filed, (d) the adequacy of the alternate forum, (e) the potential prejudice to either party, (f) the convenience of the parties, (g) the connection between the litigation and the United States, and (h) the connection between the litigation and the foreign jurisdiction. The following will discuss some of the factors:

### A.   *The Similarity of the Parties and Issues.*

The parties are not the same in both actions as TT and ADC are the only parties in the Anguillan action which was brought pursuant to the Eastern Caribbean Supreme Court Civil Procedure Rules. Cuisinart and/or the company it merged into, Conair Corporation are not parties to that action. Additionally, Conair Corporation is a Delaware Corporation that is likely subject to the jurisdiction of this Court.

Additionally, the sole issue in this instant matter is TT's claim for unpaid fees arising from ADC and/or its parent companies' breach of the Agreements. As there is no right to

7

set off included within the agreements, any claim arising from ADC's alleged damages for the Project can be tried separate and apart from this instant case.

### B. The Adequacy of Alternate Forum, Potential Prejudice to Either Party and Convenience of the Parties.

The proper forum for the resolution of TT's unpaid fee claim is the United States District Court. TT negotiated with ADC's representative, Mr. Leandro P. Rizutto and correspondence was sent between New York and Connecticut. (See generally Clarick Decl. Ex. A, Ex. B.) Contract negotiations took place in the United States, more specifically in New York and Connecticut, and as such neither party should be prejudiced by resolving the contractual dispute in this forum.

### C. The Connection between the Litigation and the United States and The Connection between the Litigation and the Foreign Jurisdiction.

Even though some professional services were performed by TT in Anguilla, the parties negotiated their contracts and TT performed the majority of its services within the United States – i.e. New York. TT is a domestic business corporation with its principal place of business at 51 Madison Avenue, New York, New York. Upon information and belief, ADC is an Anguillan Company that conducted business within the United States, including Connecticut and New York, and thereby it is also subject to the jurisdiction of this Court.

Upon these foregoing reasons, sufficient connections exist to subject the parties and this controversy to this Court, and Defendants' motion should be denied in its entirety.

## POINT IV

## THORNTON TOMASETTI REQUESTS LEAVE
## TO AMEND ITS COMPLAINT

TT filed its Complaint against the Defendants in the United States District Court for the Southern District of New York seeking compensation for services previously rendered to Defendants. (See Generally TT Compl.)  As a matter of background, while negotiating the Agreements, TT communicated with Mr. Leandro P. Rizutto by mail at 1 Cumming Point Road, Stamford, Connecticut 06924 and his corporate Conair email address at l.p.rizzuto@conair.com. (See generally Clarick Decl. Ex. A, Ex. B.)  Due to Mr. Rizutto's contact information, TT had reason to believe that the ADC and Project were, in some way, related to the Conair Corporation and/or the Cuisinart Corp, i.e. ADC was a subsidiary company.  After some further corporate research it was decided that Cuisinart Corp. was the proper defendant, and the complaint was filed.

It was not until the receipt of exhibits attached to Defendants' motion papers that TT realized that Cuisinart is not a proper defendant in this action, since the Delaware entity was merged with the Conair Corporation on or about December 21, 1993.  As a result, TT requests that this honorable Court grant TT with leave pursuant to Fed. R. Civ. P. 15 (d) to amend its complaint whereby TT can withdraw its claims against the Cuisinarts Corp. and assert claims against the Conair Corporation.

## **CONCLUSION**

For the foregoing reasons, Thornton Tomasetti respectfully requests this Court to (1) deny the Anguillan Development Corp. and Cuisinarts Corporation's Motion to Dismiss, or, in the Alternative State in its entirety; and (2) grant Thornton Tomasetti's request for leave to amend its Complaint and for such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 08, 2015

                                      Respectfully submitted,

                                      ZETLIN & DE CHIARA LLP

By:   /s/ Bill P. Chimos
      Bill P. Chimos
      *Attorneys for Plaintiff*
      *Thornton Tomasetti, Inc.*
      801 Second Avenue
      New York, New York 10017
      Tel: (212) 682-6800
      bchimos@zdlaw.com